UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY CHARLES DANIELS,<br><br>        Petitioner,<br><br>   v.<br><br>B. CATES,<br><br>        Respondent. | Case No.   2:22-cv-00229-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>ECF No. 6<br><br>FINDINGS AND RECOMMENDATIONS THAT THE PETITION BE DISMISSED AS TIME-BARRED<br><br>ECF No. 1 |

      Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. §2254.  He raises several claims attacking a 1995 conviction for illegal possession of a firearm by a person previously convicted of a violent offense.  ECF No. 1 at 1.  His claims are time-barred and should be dismissed.  I will grant petitioner's second application to proceed in forma pauperis, ECF No. 6.

      The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

      Petitioner's claim is time-barred, because it concerns a conviction that was finalized more

1

than more than twenty years ago.  Petitioner's conviction was finalized before the Anti-Terrorism and Effective Death Penalty Act of 1996 and, thus, petitioner had until April 24, 1997, to file a petition attacking his 1976 conviction.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) ("We therefore hold that AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date is governed by Rule 6(a) and ended on April 24, 1997 in the absence of statutory tolling.").  Petitioner has not identified any source of statutory tolling, much less a source sufficient to render such an old claim timely.  Given the age of the claim, I conclude that dismissal without leave to amend is appropriate.  Plaintiff may address why tolling should apply, if at all, in any objections to these recommendations that he chooses to file.

It is ORDERED that:

1. The Clerk of Court shall assign a district judge to this action.

2. Petitioner's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

Further it is RECOMMENDED that the petition, ECF No. 1, be DISMISSED without leave to amend as time-barred.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: November 7, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3